FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JONATHAN CRAIG ELFAND, | No. 12-17729 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-05692-WHA |
| v. | |
| COUNTY OF SONOMA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Jonathan Craig Elfand, a former Sonoma County pretrial detainee, appeals

pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action

alleging First Amendment and Religious Land Use and Institutionalized Persons

Act violations.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

a district court's summary judgment and finding of qualified immunity, *May v. Baldwin*, 109 F.3d 557, 560-61 (9th Cir. 1997), and we affirm.

The district court properly granted summary judgment to defendants Tannehill and Cogbill on the basis of qualified immunity because their conduct did not violate clearly established law. *See Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014) (officials sued under § 1983 are entitled to qualified immunity unless they violated a right that was clearly established; "a defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it"); *Resnick v. Adams*, 348 F.3d 763, 771 n.8 (9th Cir. 2003) (even if a constitutional violation had been established, summary judgment would have been proper on the basis of qualified immunity because it was reasonable for officials to believe that requiring prisoner to file application for religious diet was lawful); *see also Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (discussing the requirements for establishing supervisory liability).

The district court properly granted summary judgment to defendant County of Sonoma because Elfand failed to raise a genuine dispute of material fact as to whether the County's actions amounted to a policy of deliberate indifference to constitutional or statutory rights. *See Plumeau v. Sch. Dist. # 40 Cnty. of Yamhill*,

130 F.3d 432, 438 (9th Cir. 1997) (setting forth requirements for municipal liability under § 1983).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**